UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-10138-CIV-MORENO

JANE DOE,

        Plaintiff,

vs.

OCEAN REEF COMMUNITY
ASSOCIATION, ORCAT, INC., and DAVID
RITZ,

        Defendants.
_____/

## ORDER DENYING MOTION TO STAY DISCOVERY

THIS CAUSE came before the Court upon Defendant ORCAT, Inc.'s Motion to Stay Discovery **(D.E. 38)**, filed on **October 1, 2019**.

THE COURT has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

Federal district courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (citations omitted). As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). To evaluate whether there is a strong likelihood "the [dismissal] motion will be granted and entirely eliminate the need for such discovery," the district court must take a "preliminary peek" at the merits of the motion. *Daniels v. United Auto., Aerospace, & Agric. Implement Workers of Am., AFL-CIO, Local 2278*, No. 12-61577, 2013 WL 12384009, at *1 (S.D. Fla. Sept. 19, 2013) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997)).

Here, after preliminarily reviewing the Complaint, and the three motions to dismiss and three corresponding opposition memoranda, the Court finds that a stay of discovery as to Defendant ORCAT, Inc. is not warranted. The Complaint asserts nine causes of actions against the three Defendants. Specific to ORCAT, Inc., the Complaint advances three counts for violation of Title VII of the Florida Civil Rights Act (for sexual-harassment hostile work environment, constructive discharge, and retaliation), and asserts claims for negligent retention, negligent supervision, and vicarious liability. (*See* D.E. 1.) ORCAT, Inc.'s motion to dismiss asks the Court to dismiss each claim with prejudice on various grounds (*see* D.E. 22 at 4–13), and these arguments are firmly challenged by the Plaintiff, also on various grounds (*see* D.E. 35 at 2–18). The same applies to Defendant Ritz's and Defendant Ocean Reef Community Association's motions to dismiss, and the Plaintiff's related opposition memoranda. (*See* D.E. 20–21, 28, 34.)

In short, the motions to dismiss do not raise threshold issues that can resolve the entire case. *See, e.g., Padilla v. Porsche Cars N. Am., Inc.*, No. 18-24988-CIV, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) (granting motion to stay discovery where motion to dismiss raised dispositive statute of limitations and privity issues); *Varga v. Palm Beach Capital Mgmt., LLC*, No. 09-82398-CIV, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (same where motions to dismiss raised threshold forum selection clause and standing issues). For these reasons, it is

**ADJUDGED** that ORCAT, Inc.'s Motion to Stay Discovery is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this __7__ of October 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record