UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-10138-CIV-MORENO

JANE DOE,

        Plaintiff,

vs.

OCEAN REEF COMMUNITY
ASSOCIATION, ORCAT, INC., and DAVID
RITZ,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S CROSS-MOTION TO PROCEED ANONYMOUSLY AND ORDER DISMISSING COMPLAINT

THIS CAUSE came before the Court upon the Plaintiff's Cross-Motion to Proceed Anonymously **(D.E. 28)**, filed on **September 13, 2019**.

THE COURT has considered the Cross-Motion, the Response, oral argument, the pertinent portions of the record, and is otherwise fully advised in the premises.

### BACKGROUND

In this lawsuit, Plaintiff Jane Doe asserts three causes of action against Defendant David Ritz for sexual assault, battery, and intentional infliction of emotional distress. The thrust of Jane Doe's Complaint is that Ritz sexually harassed her by demanding that she engage in certain sexual acts with him, by retaining electronic copies of certain sexually explicit photos and videos that Ritz took of her, and by making unwelcome and public sexual advances on her during work hours. Ritz filed a Motion to Dismiss the Complaint on grounds that Jane Doe is improperly litigating anonymously, and without leave from the Court to do so. Buried in her Opposition to the Motion to Dismiss, Jane Doe filed a Cross-Motion **(D.E. 28)** for permission to

proceed anonymously. For the reasons below, Jane Doe's Cross-Motion is **DENIED**. Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to comply with Federal Rule of Civil Procedure 10(a). Jane Doe may, however, file an Amended Complaint no later than **Tuesday, November 12, 2019**, which complies with Rule 10(a).[1]

## DISCUSSION

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (*per curiam*) (citations omitted). "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* at 323 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). While the rule is not absolute, "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name." *Id.*; *see also Doe v. Swearingen*, 2019 WL 95548 at *2 (S.D. Fla. Jan. 3, 2019) ("Overall, proceeding anonymously is an exceptional circumstance, as there is a heavy presumption favoring openness and transparency in judicial proceedings.") (citing *Frank*, 951 F.2d at 324).

Jane Doe invites the Court to follow the Eleventh Circuit's decision in *Plaintiff B v. Francis*, 631 F.3d 1310 (11th Cir. 2011). There, the Eleventh Circuit explained that the first step

---

[1] Although not essential to this Order, the Court notes for additional context that Jane Doe also brings six causes of action against Defendants Ocean Reef Community Association and ORCAT, Inc. for sexual-harassment hostile work environment, retaliation, and constructive discharge under the Florida Civil Rights Act, and for negligent retention, negligent supervision, and *respondeat superior*. Jane Doe further alleges that internally reporting Ritz's behavior to Ocean Reef Community Association and ORCAT, Inc. would have been futile because these entities were controlled by Ritz.

in analyzing a plaintiff's claim of a substantial privacy right is to look at the three factors analyzed in *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir. 1979): "First, are the plaintiffs seeking anonymity challenging governmental activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?" *See* 631 F.3d at 1316. As in *Francis*, the only relevant consideration of the three-part *SMU* test here is the second question: would denying the Plaintiff anonymity at trial require her to disclose information of utmost intimacy? *Id.*

The Eleventh Circuit went on to recognize that the "information of utmost intimacy" standard applies to cases with issues involving abortion, prayer, and personal religious beliefs. *Id.* (citing *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001); *Stegall*, 653 F.2d at 186). None of these issues are implicated in this case, and as the Eleventh Circuit further explained, "[o]n the other hand, courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment.'" *Id.* (citing *Frank*, 951 F.2d at 324; *Doe v. Del Rio*, 241 F.R.D. 154, 159–62 (S.D.N.Y. 2006) (holding that plaintiffs alleging sexual abuse by police officer could not proceed anonymously); *Doe v. Shakur*, 164 F.R.D. 359, 360–62 (S.D.N.Y. 1996) (denying motion by plaintiff suing hip-hop artist for brutal sexual assault requesting to remain anonymous)).

Here, Jane Doe asserts sexual assault, battery, and intentional infliction of emotional distress claims against Ritz. Furthermore, as set forth in the Complaint, Jane Doe asks to proceed anonymously "to protect her privacy because she is a child victim of sexual abuse and because she fears further psychological injury to herself and her family if her name were publicly disclosed, as this lawsuit deals with the most intimate, painful, and humiliating events in her life."

(D.E. 1 at ¶ 1.) While the Court is sympathetic to Jane Doe's concerns and privacy interests, the potential of suffering "some personal embarrassment" alone is not sufficient to warrant an exception to "the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Frank*, 951 F.2d at 323–24.

Furthermore, factually, this case is not like *A.W. v. Tuscaloosa City Sch. Bd. of Educ.*, 744 F. App'x 668 (11th Cir. 2018), which Jane Doe provided to the Court in a Notice of Supplemental Authority on the morning of the October 10 hearing regarding this issue. (*See* D.E. 43, 43-1.) There, the plaintiff (identified as A.W. in the complaint) alleged violations of her constitutional rights, and violations of federal and state law, for a rape she suffered at a middle school by a male student when she was fourteen years old. *A.W.*, 744 F. App'x at 669.[2] While the facts of *A.W.* might have raised a closer question on the permissibility of proceeding anonymously, here, none of Jane Doe's causes of action are inextricably linked to a rape, let alone involving a minor.[3]

Now, the Eleventh Circuit in *Francis* also explained that the three-part *SMU* test is only the first step in evaluating whether to let a plaintiff proceed to trial anonymously. *Francis*, 631 F.3d at 1316. Indeed, courts have considered other contexts when analyzing all the circumstances of a given case, including factors such as whether the plaintiff is a minor, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their

---

[2] The Court recognizes that the plaintiff there also filed her complaint as an adult. *See A.W.*, 744 F. App'x at 669. Subsequently, two defendants moved to dismiss A.W.'s complaint on grounds the district court lacked jurisdiction over an anonymous plaintiff. *Id.* Instead of responding directly to the motion to dismiss, the plaintiff voluntarily moved for leave to amend the complaint to remove the federal claims, and also requested remand to state court. *Id.* So, legally, this case is also not like *A.W.* The only question for the Eleventh Circuit there was whether the district court needed to first determine that it had jurisdiction over the plaintiff, before it could enter an order allowing the plaintiff to amend her complaint to omit federal causes of action, and to request a remand to state court. *Id.* at 670–71.

[3] In addition, this case is not like *Sills v. Kerzner Intern. Ltd.*, where the plaintiff's legal claims were premised upon a rape she suffered. *See* Case No. 05-61461-CIV, ECF No. 53 (S.D. Fla. May 17, 2006). There, in a response to this Court's Order to Show Cause regarding her use of a pseudonym, the plaintiff requested leave to reveal her identity despite the rape allegations.

4

anonymity posed a unique threat of fundamental unfairness to the defendant. *See id.* (citing *Stegall*, 653 F.2d at 186; *SMU*, 599 F.2d at 713).

Here, the first additional factor is irrelevant because, as counsel for Jane Doe made clear during the hearing, Jane Doe was not a minor at the time of the alleged incidents giving rise to her legal claims; nor was she a minor when the Complaint was filed. Furthermore, the Court finds that the second and third additional factors cut against one another. As to the third factor, any claim by the Defendants that Jane Doe's "anonymity pose[s] a unique threat of fundamental unfairness" is significantly diminished because, as counsel for Jane Doe also acknowledged at the hearing, "[o]bviously, the defendant knows who the plaintiff is. They know who the plaintiff is." But at the same time, this fact also cuts against Jane Doe's additional claim that she was threatened with violence or physical harm. Notwithstanding that this assertion was raised in a supplemental declaration by John Doe[4] that was filed only a few hours before the hearing, and only after the issue was fully briefed in writing, the Court will take the declaration into consideration.

John Doe's declaration asserts that an employee of the Ocean Reef entities made a phone call to him and his wife, stating that Jane Doe "was in grave danger for going after powerful, influential people" and that "this business with the ex-boyfriend was going to end badly." (D.E. 44-1 at ¶ 5.) The declaration further asserts that the caller stated he knew that Jane Doe "was all alone in her trailer in Key Largo," and concluded the call by telling John Doe that "whatever happens from now on, remember this call." *Id.* at ¶¶ 5–6. Notably, the declaration asserts this call was made on June 8, 2018, *id.* at ¶ 3; but notwithstanding the alleged threat, Jane Doe filed her Complaint nearly one year later on May 31, 2019.

Despite the timing of the alleged threat directed toward Jane Doe, and the fact that the

---

[4] Based upon a representation at the hearing by counsel for Jane Doe, John Doe is Jane Doe's father.

5

Defendants knew Jane Doe's real identity, Jane Doe voluntarily decided to file her Complaint anyway. Taking these circumstances together, the Court cannot conclude that on this basis, Jane Doe's privacy interest in concealing her identity outweighs "the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Frank*, 951 F.2d at 323.[5]

Furthermore, the Eleventh Circuit in *Francis* overturned the district court for failing to take consideration of proffered evidence. Here, however, the Court is taking into account the two other declarations proffered by Jane Doe. First, her own declaration asserts that she has been diagnosed with Generalized Anxiety Disorder and Post Traumatic Stress Disorder in connection with the events and circumstances alleged in the Complaint. (*See* D.E. 28-2 at ¶ 5.) Jane Doe's declaration further asserts that she is "deeply fearful that public disclosure of [her] name in connection with this lawsuit may enable members of the public, including [her] new work colleagues, to associate [her] name with the nude, sexual photographs of [her] that Defendant David Ritz took and displayed on an internet website for a period of time." *Id.* at ¶ 4. Second, is the declaration of Mindy Agler, LMHC, who treated Jane Doe on a regular basis for psychological and emotional issues arising from Jane Doe's hostile work environment. Agler asserts that Jane Doe "continues to experience heightened anxiety and PTSD symptoms of nightmares, hypervigilance, avoidance, intrusive memories, and strong startle reflex." (D.E. 28-1 at ¶ 5.) Agler further asserts that in her professional opinion, "forcing Plaintiff to file this lawsuit in her own name and publicly associate herself with the allegations of this lawsuit will have the effect of undoing the progress Plaintiff has made in the course of her therapy" and "will result in Plaintiff's retraumatization." *Id.* at ¶ 6.

In short, while the Court is sympathetic to Jane Doe's symptoms and health, Jane Doe

---

[5] Also on the morning of the hearing, Jane Doe filed a Notice of Supplemental Authority. (D.E. 43.) But none of these cases demand a different result. The rulings in *Doe v. Barrow Cty., Ga.*, 219 F.R.D. 189 (N.D. Ga. 2003) and *Doe v. St. John's Episcopal Parish Day Sch., Inc.*, 997 F. Supp. 2d 1279 (M.D. Fla. 2014) are not binding on this Court; and as discussed above, *A.W. v. Tuscaloosa City Sch. Bd. of Educ.* is factually and legally distinguishable.

voluntarily decided to file her Complaint. Furthermore, she filed her Complaint in federal court which follows Federal Rule of Civil Procedure Rule 10(a). The Court finds that the allegations in the Complaint and the proffered declarations fail to overcome the "heavy presumption favoring openness and transparency in judicial proceedings." *Swearingen*, 2019 WL 95548 at *2.

Although the court has expressed its concern with the necessity of transparency of proceedings, the denial of Jane Doe's request for anonymity is based upon a full consideration of all the foregoing factors and proffered affidavits—which the Court must take into account when balancing Jane Doe's privacy interests with the "customary and constitutionally-embedded presumption of openness in judicial proceedings." The facts alleged here place this case in the same category of the unfortunately numerous cases of sexual harassment that have been filed, litigated, and tried before a jury without the need of anonymity.

## CONCLUSION

Accordingly, it is

**ADJUDGED** that, for the reasons stated above, and in Open Court on October 10, 2019, the Cross-Motion is **DENIED**. Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to comply with Federal Rule of Civil Procedure 10(a). It is further

**ADJUDGED** that Jane Doe file an Amended Complaint no later than **Tuesday, November 12, 2019** that complies with Rule 10(a). Consequently, the Defendants' separate Motions to Dismiss **(D.E. 20–22)** are **DENIED**, but with leave to refile if necessary. Finally, should Jane Doe fail to file an Amended Complaint, the Court will direct the Clerk of Court to close the case.

**DONE AND ORDERED** in Open Court at Miami, Florida, this /0 of October 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record