UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **19-10138-CIV-MORENO**

LEEANNE YULE,

        Plaintiff,

vs.

OCEAN REEF COMMUNITY
ASSOCIATION, ORCAT, INC., and DAVID
RITZ,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS CAUSE came before the Court upon Plaintiff's Motion to Compel Better Responses to Plaintiff's Discovery Requests, Answers to Plaintiff's Deposition Questions, and for Continued Deposition of Defendant David Ritz **(D.E. 127)**, filed on **August 10, 2020**.

THE COURT has considered the Motion, the Response, the deposition transcript filed by Plaintiff, the pertinent portions of the record, and is otherwise fully advised in the premises.

## DISCUSSION

Federal Rule of Civil Procedure 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1). The Court must allow additional time consistent with Rule 26(b)(1) and (2), but only "if needed to *fairly examine* the deponent or if the deponent, another person, or any other circumstance *impedes or delays* the examination." *Id.* (emphases added).

Here, although Plaintiff complains in her Motion that Ritz refused to answer some questions that bore directly on her claims, the deposition transcript filed by Plaintiff

unequivocally shows that the deposition was not terminated due to any obstinance by Ritz. Rather, the deposition was unilaterally terminated by Plaintiff's lead-counsel because he had a preexisting—but not previously disclosed—scheduling conflict at 4:00 p.m. (*See* D.E. 129 at 180.) That scheduling conflict—although "not specified on the record"—was "a scheduled client conferral in anticipation of the client's deposition the following morning." (D.E. 127 at 3 n.3.) This reason for unilaterally terminating the deposition is not compelling enough for the Court to compel Ritz to sit for another hour or so of deposition questioning.

This is particularly so because Plaintiff's lead-counsel unilaterally terminated the deposition despite counsel for Ritz making clear multiple times that he would not agree to his client sitting for another deposition, and despite his urging that Plaintiff's lead-counsel continue his questioning for the duration of the deposition. (*See* D.E. 129 at 180 ("I'm not agreeing to another two hours of deposition. You don't have that much time left on it, we're all here. I don't agree. I don't like this part of piecemeal deposition. You have another hour left, finish up."); *id.* at 188–89 ("It's 4:03, we're here. There's another hour left of time, but no, I cannot agree, to another deposition. He's been deposed by you three times now.").) Counsel for Ritz even suggested that Plaintiff's lead-counsel allow his co-counsel to finish the last hour of the deposition, but Plaintiff's lead-counsel declined this invitation, *see id.* at 181, and then at 4:04 p.m. ended the deposition that started at 10:03 a.m., *id.* at 4, 189.

Notwithstanding these events, Plaintiff—the party that unilaterally ended the deposition while Ritz was ready to finish the final hour of questioning—now asks the Court to compel Ritz to finish the deposition. Without a sufficient legal basis to do so under Rule 30, the Court cannot grant the relief that Plaintiff requests.

And finally, as to Plaintiff's request that the Court compel Ritz to provide better discovery

responses, Ritz indicates that he filed supplemental answers to Plaintiff's written discovery requests. (*See* D.E. 128 at 11.) This issue is accordingly moot.

For all these reasons, it is

**ADJUDGED** that Plaintiff's Motion to Compel **(D.E. 127)** is **DENIED**. Furthermore, Plaintiff's Motion for Extension of Time to File a Reply **(D.E. 130)** is **DENIED** as unnecessary in view of the Court reviewing the deposition transcript.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st of August 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record