UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-10138-CIV-MORENO

LEEANNE YULE,

        Plaintiff,

vs.

OCEAN REEF COMMUNITY
ASSOCIATION, ORCAT, INC., and DAVID
RITZ,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL RECONSIDERATION AND FOR LEAVE TO AMEND**

THIS CAUSE came before the Court upon Plaintiff's Motion for Partial Reconsideration of Order Granting Part and Denying in Part Defendants' Motions to Dismiss and for Leave to Amend Plaintiff's Amended Complaint **(D.E. 110)**, filed on **June 26, 2020**.

THE COURT has considered the Motion, the Responses in Opposition, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Motion is **DENIED**.

**I. BACKGROUND**

On June 8, 2020, the Court issued an order granting in part and denying in part the motions to dismiss filed by Defendant ORCAT, Inc. and Defendant Ocean Reef Community Association. In that order, the Court dismissed the sexual-harassment hostile work environment, constructive discharge, and retaliation claims asserted against ORCAT, Inc. under Title VII and the Florida Civil Rights Act (Counts 1–3). The Court did so because Plaintiff LeeAnne Yule did not name

ORCAT, Inc. in her Charge of Discrimination filed with the Equal Employment Opportunity Commission, and because the allegations in her Amended Complaint did not give rise to the reasonable inference that ORCAT, Inc. was a "closely related" entity of Ocean Reef Community Association. *See Yule v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV, 2020 WL 3051505, at *3–4 (S.D. Fla. June 8, 2020) (noting that "the only factual allegations relevant to this relationship are that Ocean Reef Community Association 'is the registered agent of ORCAT,' 'manage[s] and/or oversees the work of ORCAT,' and that Ritz 'managed and/or supervised the ORCA Entities'").

In that order, the Court also dismissed the negligent retention and negligent supervision claims asserted against both ORCAT, Inc. and Ocean Reef Community Association (Counts 8–9). The Court explained that district courts "repeatedly dismiss [such] claims where a plaintiff fails to allege that the employee's tortious conduct was 'outside the scope' of their job duties," *id.* at *10 (collecting cases), and found dismissal proper because Plaintiff "repeatedly allege[d] that Ritz's tortious conduct was '*within* the course and scope' of his employment," *id.* (emphasis in original).

The Court ordered Defendants to answer the remaining claims in the Amended Complaint, which they did on their June 26, 2020 deadline. After Defendants filed their answers, Plaintiff filed the underlying motion, which ORCAT, Inc. and Ocean Reef Community Association oppose.

## II. DISCUSSION

Plaintiff seeks partial reconsideration of the Court's ruling on the motions to dismiss under Federal Rules of Civil Procedure 59 and 60, and seeks leave to amend her Amended Complaint under Rule 15. The Court addresses each requested relief and supporting arguments in turn.

### A.   MOTION FOR PARTIAL RECONSIDERATION

Reconsideration "is an extraordinary remedy to be employed sparingly." *Colomar v. Mercy Hospital, Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007) (quoting *Bautista v. Cruise Ships*

*Catering and Serv. Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004)). A motion for reconsideration "will not be granted absent an intervening change in the law, availability of newly discovered evidence, or to correct clear error or prevent manifest injustice." *Id.*; *see also Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (noting that a motion for reconsideration cannot be used "to relitigate old matters" or "raise argument or present evidence that could have been raised prior to the entry of judgment"). The moving party thus must "satisfy a high burden involving facts or law of a strongly convincing nature that would induce a court to reverse its prior decision." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290–91 (citation omitted).

Here, in addition to completely omitting the legal standard for reconsideration, Plaintiff does not cite any intervening change in controlling law, present any newly discovered evidence, nor does she articulate a need to correct any error of fact, law, or injustice. (*See generally* D.E. 110; D.E. 126.) She thus fails to satisfy her burden as the moving party, and so her motion for partial reconsideration is accordingly **DENIED**.

B.     **MOTION FOR LEAVE TO AMEND**

Plaintiff also seeks leave to amend her Amended Complaint under Federal Rule of Civil Procedure 15(a). Under this Rule, parties may amend their pleadings "once as a matter of course" within 21 days after serving it or after the filing of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A)–(B). After the 21-day window expires, a party may still amend, but "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," *id.*, the court has "'extensive discretion' to decide whether or not to allow a party to amend a complaint," *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citing *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761 (11th

Cir. 1995)). In deciding whether "justice so requires" that leave be given, the court should consider the futility of the amendment, as well as "whether there has been undue delay in filing, bad faith or dilatory motives, [or] prejudice to the opposing parties." *Saewitz v. Lexington Ins. Co.*, 133 F. App'x 695, 699 (11th Cir. 2005) (quoting *Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting v. Ga. Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982)).

ORCAT, Inc. and Ocean Reef Community Association argue that Plaintiff's motion for leave to amend should be denied due to her "tactical maneuvers" and "gamesmanship." (D.E. 118 at 12–13; D.E. 119 at 11–16.) Their opposition memoranda emphasize the long procedural history leading to this moment: specifically, Plaintiff's decisions, over and again, to stand by the sufficiency of her allegations despite numerous opportunities to amend her allegations "as a matter of course" even when repeatedly pressed with the same arguments for dismissal. In a footnote, Plaintiff argues that the Court should ignore this procedural history. (*See* D.E. 126 at 1 n.1.) This time the Court disagrees with Plaintiff.

### 1.) **Undue Burden**

Whether a delay is undue depends on: (1) the amount of time movant knew of the claim prior to seeking leave to amend; (2) the amount of time movant delayed in seeking to amend the complaint upon learning of the claim; (3) the reason offered for the delay; and (4) the stage of the litigation proceedings. *See Lesman v. Specialized Loan Servicing, LLC*, No. 1:14-cv-02007-ELR-AJB, 2015 WL 13773978, at *4 (N.D. Ga. Jan. 16, 2015) (citing *Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041–42 (11th Cir. 2006)). And here, the Court finds that Plaintiff's delay in seeking leave to amend is undue because it is the result of a lack of diligence in prosecuting the case.

Throughout this litigation, ORCAT, Inc. and Ocean Reef Community Association have

argued that Plaintiff's negligent retention and negligent supervision claims should be dismissed for the specific reason that Plaintiff failed to allege that Ritz's tortious conduct was *outside* the scope of his job duties. ORCAT, Inc. first raised this argument in state court on April 5, 2019. (*See* D.E. 119-5 at 15 ("[F]or claims of negligent retention or supervision, the employee's acts *must have been committed outside* of the course and scope of employement.") (emphasis added).) Though Plaintiff voluntarily dismissed her state court lawsuit and refiled her case in federal court, the complaint initially filed in federal court was—even with the benefit of ORCAT Inc.'s motion to dismiss argument—virtually identical to the complaint *and* the amended complaint that Plaintiff previously filed in state court. (*Compare* D.E. 1, *with* D.E. 119-2, 119-3.)

Once in federal court, ORCAT, Inc. advanced the same argument again. (*See* D.E. 22 at 12–13.) And Ocean Reef Community Association followed suit. (*See* D.E. 21 at 4 ("Florida law *only* allows for recovery on a negligent supervision or negligent retention theory, when it is alleged that the plaintiff was injured by an employee's acts *outside* the course and scope of employment.") (emphasis added).) Pressed with the same arguments once more, Plaintiff again stood by the sufficiency of her allegations. (*See* D.E. 34 at 6–10 (arguing Florida law did not require Plaintiff "to plead that Ritz's wrongful conduct occurred outside the course and scope of his employment"); D.E. 35 at 16–18 (incorporating same argument by reference).)

This Court ultimately dismissed Plaintiff's initial complaint because, by filing it anonymously, she failed to comply with Federal Rule of Civil Procedure 10(a). (*See* D.E. 46.) That dismissal was without prejudice, though, and Plaintiff was granted leave to amend her complaint. *See id.* at 7. Despite the opportunity to amend her allegations and to address the pleading deficiencies that were identified several times by the Defendants, Plaintiff filed an Amended Complaint that was, again, virtually identical to the initial complaint filed in federal

court. (*Compare* D.E. 1, *with* D.E. 47.) Unsurprisingly, ORCAT, Inc. and Ocean Reef Community Association again raised the same argument in their second motions to dismiss in federal court. (*See* D.E. 48 at 5–8; D.E. 51 at 11–14.) And then, for the second time in federal court, Plaintiff chose to stand by the sufficiency of her allegations. (*See* D.E. 60 at 8–11 ("ORCA Misapprehends the Requirements for Pleading Claims for Negligent Retention and Negligent Supervision."); D.E. 62 at 15–18 (incorporating same argument by reference).)

To recap, Plaintiff did not amend her allegations upon refiling her case in federal court—despite knowing ORCAT, Inc.'s argument for dismissal in state court. (*Compare* D.E. 1, *with* D.E. 119-3.) She did not amend her allegations upon filing her Amended Complaint in federal court—despite leave to do so, and, again, with the benefit of knowing the Defendants' dismissal arguments. (*Compare* D.E. 47, *with* D.E. 1.) Nor did she amend her allegations after Defendants moved to dismiss these claims, on the same basis, for a third time.[1] Instead, Plaintiff waited for the Court's decision—even though she did not have to, *see Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.").

After reviewing the moving papers, the Court confirmed what the Defendants argued from the start: that district courts "repeatedly dismiss negligent retention and supervision claims where a plaintiff fails to allege that the employee's tortious conduct was 'outside the scope' of their job duties." *Yule*, 2020 WL 3051505, at *10 (collecting cases). And because the Amended Complaint "repeatedly allege[d] that Ritz's tortious conduct was '*within* the course and scope' of his employment," the Court—"consistent with the weight of authority"—dismissed her claims. *Id.*

---

[1] This is so despite—as the Court previously recognized—Plaintiff appearing "to concede that her allegations [were] deficient on this point," as she "maintain[ed] that Florida law [was] not at all clear that 'outside the scope of employment' is a necessary element of a negligent retention or negligent supervision claim." *See Yule*, 2020 WL 3051505, at *11 n.8.

(emphasis in original).

The same pattern clouds over the claims asserted against ORCAT, Inc. under Title VII and the Florida Civil Rights Act. In state court, Plaintiff's initial complaint and amended complaint alleged that ORCAT, Inc. was a "related entity" of Ocean Reef Community Association, and that the latter was "the registered agent of" and "manage[d] and/or overs[aw] the work of" ORCAT, Inc. (*See* D.E. 119-2 at ¶¶ 3–4; D.E. 119-3 at ¶¶ 3–4.) ORCAT, Inc. moved to dismiss the amended complaint and attached to its motion the full Management Agreement governing the relationship between it and Ocean Reef Community Association. (*See* D.E. 119-5 at 21–24.) Despite the gift of the full Management Agreement, Plaintiff's initial complaint in federal court continued to allege the same exact basic, conclusory allegations regarding the relationship between these entities. (*See* D.E. 1 at ¶ 3 ("ORCAT, a related entity of ORCA . . . ."); *id.* at ¶ 4 ("ORCA is the registered agent of ORCAT and manages and/or oversees the work of ORCAT.").)

In its first motion to dismiss in federal court, ORCAT, Inc. argued that Plaintiff's failure to name ORCAT, Inc. in her Charge of Discrimination with the EEOC demonstrated a failure to exhaust her administrative remedies. (*See* D.E. 22 at 7–9.) Plaintiff conceded in her opposition memoranda that she did not explicity identify ORCAT, Inc. in the EEOC Charge, but she insisted that her failure to do so was excusable because the purposes of the naming requirement were satisfied. (*See* D.E. 35 at 9–12.) Then, after the Court dismissed the initial complaint for proceeding under a pseudonym—and again in the face of the full Management Agreement (*see* D.E. 22-1)—Plaintiff filed an Amended Complaint that reasserted, again, the *same exact* basic, conclusory allegations regarding the relationship between these entities. (*Compare* D.E. 47 at ¶ 3 ("ORCAT, a related entity of ORCA . . . .") and ¶ 4 ("ORCA is the registered agent of ORCAT and manages and/or oversees the work of ORCAT"), *with* D.E. 1 at ¶¶ 3–4 (same).)

So for a second time in federal court, ORCAT, Inc. pressed the same argument. (*See* D.E. 51 at 7–9; *see also* D.E. 51-1 (attaching the Management Agreement again).) And again, Plaintiff stood by her allegations: "Plaintiff's Amended Complaint sets forth allegations clearly establishing the agency of the named defendants." (D.E. 62 at 6.) The Court disagreed, however, finding that Plaintiff's allegations, "left without elaboration," "f[e]ll short" because she did not "put forward factual allegations showing the nature of the relationship between the ORCA Entities," and thus her allegations did not give rise to the reasonable inference that ORCAT, Inc. was a "closely related" entity of Ocean Reef Community Association. *See Yule*, 2020 WL 3051505, at *3–4.

In the face of all the ink spilled on the motions to dismiss and opposition memoranda in both state and federal court, Plaintiff dug her heels in and declined on at least 3 separate occasions to exercise her unencumbered right under Rule 15(a)—her right "as a matter of course"—to amend her initial complaint or Amended Complaint. She also twice declined to seek the Court's leave after her "free of charge" 21-day window expired. Then—more than 15 months after first filing her case in state court, more than 12 months after refiling her case in federal court, only after the Court ruled on the Defendants' motions to dismiss, and then only after all Defendants filed their answers—Plaintiff finally sought leave to amend her allegations for the first time. As the procedural history shows, this delay is clearly undue. And it is the result of a lack of diligence in prosecuting the case. *See Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) ("Undue delay is 'protracted and unjustified'—it 'can place a burden on the court or counterparty' or show 'a lack of diligence sufficient to justify a discretionary denial of leave.'") (quoting *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017)).

Justice does not "so require" that a court grant leave to amend where a party had knowledge of facts before or at the time of filing a pleading, yet did nothing to assert those facts. *See, e.g.*,

*Saewitz*, 133 F. App'x at 700 ("A total lack of diligence by Lexington doomed its request for leave to amend. . . . Lexington *knew of and had documentation to support the facts* underlying its newly-proposed affirmative defense *before litigation even began*. . . . This case is the classic example of an 'undue delay in filing.'") (emphases added and citations omitted); *Reese v. Herbert*, 527 F.3d 1253, 1263–64 (11th Cir. 2008) ("[I]n the case at hand, the evidence upon which Reese was basing his false arrest claim against Herbert was essentially *known to Reese at the time he filed both his original and first amended complaints*. . . . We do not lightly regard 'the duty of an attorney to prepare a case properly and to give the issues full consideration before preparing pleadings.' Given the circumstances before it, the district court was well within its discretion in denying Reese's motion for leave to amend.") (emphasis added and citation omitted); *Campbell*, 166 F.3d at 1162 ("The facts upon which the claims for breach of fiduciary duty against the individual defendants were based *were available at the time the complaints were filed*. We conclude the district court did not abuse its discretion in denying the motions to amend.") (emphasis added).[2]

Here, there is no question that Plaintiff had all of her newly-proposed factual allegations in state court, even before refiling her case in federal court. Plaintiff proposes the following:

**(1)** Adding a single, generalized allegation that Ritz's conduct also occurred off work premises. (*Compare* D.E. 47 at ¶ 24 ("At other times during working hours at the work place, Defendant Ritz made unwelcome and public advances on Plaintiff . . . ."), *with* D.E. 110-1 at ¶ 23 ("At other times, *both* during working hours at the work place *and also off the work premises*, Defendant Ritz made unwelcome and public advances on Plaintiff . . . .") (emphases added).)

**(2)** Shedding 4 words from this legal conclusion in her *respondeat superior* claim: "Defendant Ritz committed the tortious acts described in Counts IV through VI

---

[2] Relatedly in the Rule 16(b) "good cause" context, "[a] plaintiff's request to amend his complaint based on facts already known to him before he filed suit indicates a lack of diligence in prosecuting the suit." *Quinn v. Deutsche Bank Nat'l Tr. Co.*, 625 F. App'x 937, 940 (11th Cir. 2015). This holds true in the motion for reconsideration context as well. *See McBride v. Carnival Corp.*, No. 1:16-CV-24894-JLK, 2019 WL 4731955, at *2 (S.D. Fla. July 2, 2019) ("Plaintiff had known about the information with which she sought to amend her Complaint for at minimum fourteen of those months, but failed to move to amend. This alone was sufficient reason for the Court to deny Plaintiff's motion to amend.").

      herein, within the course and scope of his agency and ~~at all material times~~ his conduct occurred within the time and space limits of his work as actually or apparently was authorized by the ORCA Entities." (*Compare* D.E. 47 at ¶ 67 (strikethrough text added), *with* D.E. 110-1 at ¶ 66.)

**(3)** Infusing one new legal conclusion into her negligent retention and negligent supervision claims: "Defendant Ritz engaged in tortious acts, inclusive of those set forth in Counts IV through VI, *outside the scope* of his position and job duties with the ORCA Entities." (*See* D.E. 110-1 at ¶¶ 70, 75 (emphasis added).)

**(4)** Supplementing the "closely related" entity allegations, by finally relying on the full Management Agreement, to show the relationship between ORCAT, Inc. and Ocean Reef Community Association. (*See* D.E. 110-1 at ¶¶ 3(a)–(g).)

The proposed allegations supporting the negligence claims could have been alleged from the *inception* of the *state* court case in February 2019. And all of the proposed allegations could have been added to the initial complaint filed in federal court in May 2019; or incorporated into the Amended Complaint filed in November 2019 with the Court's permission; or even embraced in an amended pleading filed "as a matter of course" after serving the initial complaint or the Amended Complaint, or after Defendants moved to dismiss the initial complaint in August 2019, or even after the Defendants moved to dismiss the Amended Complaint in November 2019. But none of them were. And the failure to incorporate these allegations at numerous turns in this litigation is *ipso facto* a lack of diligence in prosecuting the case.

      For these reasons, the Court finds that the undue delay in seeking leave to amend and the lack of diligence prosecuting the case does not "so require" that Plaintiff be granted leave to amend at this stage in the case.

      **2.)**     <u>**Prejudice**</u>

      In addition to the undue delay and lack of diligence, the Court also finds that allowing Plaintiff to amend her allegations now would prejudice ORCAT, Inc. and Ocean Reef Community Association who—after already having expended valuable time and resources defending against

the same allegations over and over through multiple rounds of motion to dismiss briefing in state and federal court—will have to expend additional time and resources in a new cycle of motions to dismiss while the parties are in the midst of discovery on Plaintiff's remaining claims. *See Cordova v. Lehman Bros., Inc.*, 237 F.R.D. 471, 477 (S.D. Fla. 2006) (denying leave to amend in part because allowing the amendment would prejudice the defendants, who had "expended large amounts of time and resources in drafting the motions to dismiss," by forcing them to "conduct further research and adjust their arguments yet again").

### 3.) **Futility**

Finally, even turning a blind eye to the undue delay, lack of diligence, and prejudice to the Defendants, the extent of the proposed amendments supporting the negligent retention and negligent supervision claims are futile. An amendment is futile when the complaint as amended would still be dismissed. *See Club Madonna, Inc. v. City of Miami Beach*, No. 16-25378-CIV, 2020 WL 830582, at *6 (S.D. Fla. Feb. 20, 2020) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)).

As shown above, Plaintiff proposes adding a single, general factual allegation and infusing two legal conclusions. These conclusory allegations are not sufficient to state claims for negligent retention and negligent supervision, and thus the proposed amendments are futile. *See Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns., Inc.*, 376 F.3d 1065, 1077, 1079 (11th Cir. 2004) ("Because [plaintiff], even in the proposed Second Amended Complaint, offered only conclusory allegations of harm to competition, we cannot say that the district court abused its discretion in denying the motion for reconsideration and the implicit motion for leave to amend the complaint."); *Watkins v. Pinnock*, 2017 WL 10398205, at *3 (S.D. Fla. Nov. 20, 2017) ("Plaintiff presents only threadbare conclusory allegations that fall far below the applicable

pleading standards, and nearly one year into this case, Plaintiff's repeated failures to cure pleading deficiencies evidence the futility of amendment."), *aff'd*, 802 F. App'x 450 (11th Cir. 2020).

### III. CONCLUSION

For all these reasons, it is

**ADJUDGED** that the Motion for Partial Reconsideration of Order Granting Part and Denying in Part Defendants' Motions to Dismiss and for Leave to Amend Plaintiff's Amended Complaint **(D.E. 110)** is **DENIED**. The case will proceed on Plaintiff's remaining claims.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31 of August 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record